UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**MARK J. OSBORNE**                                                                                        **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 4:23CV-P116-JHM**

**JAILER STEPHAN HARMON** *et al.*                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mark J. Osborne filed this *pro se* prisoner action pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion for leave to file a fifth amended complaint (DN 142). Defendants did not file a response, and the time for doing so has passed. For the reasons stated herein, the motion will be granted in part and denied in part.

**I. BACKGROUND**

The Court conducted an initial review (DN 24) of the superseding third amended complaint (DN 16) pursuant to 28 U.S.C. § 1915A and allowed the following claims to proceed: Plaintiff's retaliation claim in violation of the First Amendment against Warren County Regional Jail (WCRJ) Jailer Stephen Harmon; his claims for interference with his right to counsel in violation of the Sixth Amendment against Harmon, WCRJ corrections officer Melissa Wathen, and John and Jane Doe officers of WCRJ; and his claims based on interference with his right to counsel in violation of the Sixth Amendment against Henderson County, Henderson County Detention Center (HCDC) corrections officer Jane Knight, and John and Jane Doe officers of HCDC (DN 24). The Court dismissed other claims, including claims based on the handling of his legal mail at WCRJ and HCDC.

Plaintiff filed a motion to reconsider the dismissal of his mail handling claims (DN 57). The Court entered a Memorandum and Order construing the motion as both a motion to reconsider

and a fourth amended complaint and granted the motion (DN 92). In doing so, upon initial review of the fourth amended complaint pursuant to § 1915A, the Court allowed Plaintiff's claims based on interference with his legal mail to proceed against Defendants Harmon, Wathen, and the John and Jane Doe officers of the WCRJ in their individual capacities and allowed Plaintiff's claims based on the interference with his non-legal mail to proceed for further development against Henderson County and the John and Jane Doe officers of HCDC.

## II. ANALYSIS

In his motion for leave to file a fifth amended complaint, Plaintiff requests to amend for the following reasons:

> 1.) To specify John and Jane Does, and where possible provide greater detail to their violations.
> 2.) To specify previous generalities based on evidence the Plaintiff has obtained since the 3rd Amendment (DN 16) and the Motion to Reconsider now DN 93 of otherwise nonspecific statements (for example, to specify "there were others" or "other avenues" and such general phrasing used the 3rd Amended Complaint).
> 3.) To specify new damages that were not yet cognized but are now, at the time of the 3rd Amended Complaint.
> 4.) To concatinate and simplify, as the 3rd Amended Complaint did, to take into all previous Amendments and Rulings; excluding, injunctive relief, 5th Amendment Claims, some Defendants, but including the Fourth Amendment (the Motion to Reconsider) as well as the items above.

While the standard for leave to amend a complaint is generally broad, a plaintiff is not permitted to amend the complaint where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990). The Court will address each request in turn.

First, with regard to the request to specify the John and Jane Doe Defendants, the Court had previously given Plaintiff until April 19, 2025, to file a motion to amend the complaint to identify the John and Jane Doe Defendants, and the instant motion was filed before that date.[1] The

---

[1] The motion was inadvertently docketed as an attachment to a motion for extension of pretrial deadlines (DN 124).

Court will grant the motion and give Plaintiff an additional 30 days to file a motion to amend the complaint to identify the names of the John and Jane Doe Defendants and to state how he believes each Defendant violated his rights.

Second, Plaintiff requests to file another amendment to specify generalities based on evidence he has learned through discovery. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). The Court has conducted an initial review of Plaintiff's superseding third amended complaint and fourth amended complaint and, in allowing claims to proceed as described above, has found that those claims meet the pleading standard of Rule 8. Plaintiff is required to provide a "short and plain statement" of his claims and does not need to include every detail learned in discovery in an amended complaint. Therefore, the Court finds that this proposed amendment is futile and will deny the motion with regard to Plaintiff's second request.

As to Plaintiff's third request to specify new damages, any amount of damages to be awarded will be decided after a trial of this action, should one occur, and Plaintiff need not amend his complaint to change the amount of damages sought. Therefore, the Court will deny this request.

Fourth, Plaintiff requests to amend the complaint to simplify the amendments into one filing and to exclude the claims and Defendants which have been dismissed. While it is true that

---

By prior Order, the Court directed the Clerk of Court to re-docket the instant motion as a separate docket entry as of the date of its filing (DN 141).

the remaining claims are spread over the superseding third amended complaint and the fourth amended complaint, this is not unusual for a *pro se* action. The claims before the Court are as stated in Section I above, and the Court finds that any further amendment regarding the existing claims would be futile. Therefore, the Court will deny the motion as to this request.

### III. CONCLUSION AND ORDER

For the above stated reasons, **IT IS ORDERED** that Plaintiff's motion for leave to file a fifth amended complaint (DN 142) is **GRANTED** with respect to his request to amend the complaint to identify the John and Jane Doe Defendants and **DENIED** with respect to all other requests.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for leave to amend the complaint to identify the John and Jane Doe Defendants and to state how he believes each Defendant violated his rights **on or before June 20, 2025**.[2] Plaintiff is **WARNED** that failure to file the motion for leave to amend as instructed within the time allotted will result in dismissal of the John and Jane Doe Defendants. After the compliance period ends, **the Court will allow no further amendments**.

Date: May 22, 2025

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.010

---

[2] This Order shall in no way constitute a determination that Plaintiff's claims against any later named Defendant would be timely.

4